PER CURIAM.
Over fifty members of The Florida Bar, who are also members of the Florida Chapter of the American Academy of Matrimonial Attorneys, petition this Court to adopt a proposed rule of professional conduct. We have jurisdiction. Art. V, § 15, Fla. Const.; R.Reg.Fla.Bar. 1 — 12.1(f).
Proposed rule 4-1.18 would govern the conduct of attorneys in “family law matters.”[1] According to the petitioners, the proposed rule is designed to inform family law clients and lawyers of their respective rights and responsibilities and to set standards of conduct for attorneys to prevent *1247 potential abuses of the lawyer-client relationship. To this end, the proposed rule requires that a written retainer agreement be executed and that a statement of client’s rights and responsibilities be given the client prior to the execution of the agreement. It also addresses such matters as non-refundable retainers, security interests, and retaining and charging liens, and contains a prohibition on sexual relationships between family law lawyers and their clients.
After thoroughly considering the petition, along with the response of The Florida Bar, comments of interested attorneys and members of the public, we decline to adopt the proposed rule. We recognize that the petition is a sincere attempt to improve attorney-client relations and curtail potential abuses in this sensitive area of practice. However, as pointed out by the Bar and a number of those who filed comments, the petitioners have not demonstrated that there is a need to treat those members of the Bar who practice family law differently than other members of the Bar. Moreover, we recently addressed a major concern raised in the petition.
After extensive study of attorney-client sexual relations, the Bar proposed an amendment to rule 4-8.4 designed to protect clients from sexual exploitation that was adopted by this Court. New rule 4-8.4(i) prohibits a lawyer from engaging “in sexual conduct with a client that exploits the lawyer-client relationship.” Florida Bar re Amendments to Rules Regulating the Fla.Bar, 658 So.2d 930 (Fla.1995). We believe this prohibition adequately protects all clients from sexual exploitation, including those who seek legal assistance in family law matters.
Accordingly, the petition to adopt proposed rule 4-1.18 is denied. However, should a need to amend the Rules Regulating The Florida Bar to specifically address the professional conduct of family law lawyers be demonstrated in the future, the Court will entertain proposed amendments on the subject at that time.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. The term “family law matters" as used in the proposed rule includes negotiations and litigation involving dissolution, of marriage, separation, annulment, custody, visitation, maintenance, alimony and other support related to dissolution, child support, adoptions, paternity, premarital agreements, marital agreements, marital property issues, initial actions and modification proceedings, actions to enforce the judgment or obtain an order in connection with any such claims or actions.